# In the United States Court of Federal Claims

No. 19-991C
(Filed: August 6, 2019)

* * * * * * * * * * * * * * * * * * * * * * * * * *

LEVAN A. WALKER,

        *Plaintiff*,

v.

THE UNITED STATES,

        *Defendant*.

* * * * * * * * * * * * * * * * * * * * * * * * * *

## ORDER

Plaintiff filed a complaint on July 8, 2019, alleging that someone has infringed or plans to infringe on his copyright in unidentified artwork.[1] Our understanding of plaintiff's complaint is that he is suspicious that someone has infringed his copyright and that the United States has not properly protected that copyright. Plaintiff alleges that his claim is worth "gazillions" of dollars. Compl. 3. On July 26, 2019, the government moved to dismiss plaintiff's complaint. Because it is apparent from the face of the complaint that this court lacks jurisdiction over plaintiff's claim, the complaint must be dismissed. The government's motion is deemed moot and no response is necessary.

A plaintiff, even when proceeding *pro se*, must demonstrate that the court has jurisdiction over his claim. *Reynolds v. Army & Air Force Exchange Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." RCFC 12(h)(3). A copyright owner may bring a claim in this court when "the copyright in any work protected under the copyright laws of the United States shall be infringed by the United States . . . or any person,

---

[1] For good cause shown, plaintiff's motion for leave to proceed *in forma pauperis* is granted.

firm, or corporation acting for the Government and with the authorization or consent of the Government." 28 U.S.C. § 1498(b) (2012).

The only connection this complaint draws between plaintiff and the United States is that the "United States failed to protect registar [sic] copyrights by letting people sell my copyrights to others . . . ." Compl. 2. The complaint does not refer to anyone acting in an official capacity on behalf of the United States. Nor does the complaint allege what copyright was infringed, by whom, when, how the government authorized or consented to it, or whether such infringement occurred in the United States. Plaintiff's suspicion that someone has infringed upon a copyright is insufficient to demonstrate this court's jurisdiction over his claim. The court also lacks jurisdiction over plaintiff's allegations relating to spying, fraud, and impersonation.

Because plaintiff has failed to show that the court has jurisdiction over his claim, his complaint must be dismissed. Accordingly, the Clerk of Court is directed to dismiss the complaint for lack of jurisdiction and enter judgment accordingly. No costs.

Eric G. Bruggink
Senior Judge